# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
)
v. ) **Crim. ID No. 1811002611**
)
)
RONALD DAVIS, )
)
Defendant. )

## ORDER DENYING MOTION FOR CORRECTION OF ILLEGAL SENTENCE

On this 4th day of August, 2026, upon consideration of Defendant Ronald Davis's ("Defendant") *pro se* Motion to Correct Illegal Sentence (the "Motion") made pursuant to Superior Court Rule of Criminal Procedure ("Rule") 35(a), the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

### *Background*

(1)    Ronald Davis ("Defendant") was arrested on November 5, 2018, and charged with multiple offenses related to the distribution of narcotics.[1]   On December 17, 2018, he was indicted by a Grand Jury and charged with the following offenses: (i) two (2) counts of Drug Dealing, (ii) four (4) counts of Possession of a

---

[1] *State v. Ronald Davis*, Delaware Superior Court Criminal Docket, ID No. 1811002611, Docket Item 1 (hereinafter, "D.I. __").

Firearm During the Commission of a Felony ("PFDCF"), (iii) four (4) counts of Possession or Control of a Firearm by a Person Prohibited ("PFBPP"), (iv) one (1) count of Possession or Control of Ammunition by a Person Prohibited, (v) one (1) count of Receiving Stolen Firearm, (vi) one (1) count of Illegal Possession of Controlled Substance, and (vii) one (1) count of Possession of Drug Paraphernalia.[2]

(2)     On May 5, 2019, Defendant pled guilty to (i) one count of Drug Dealing (a Class D Felony), and (ii) one count of PFBPP (a Class C felony).[3]  On August 9, 2019, Defendant was declared a habitual offender,[4] and sentenced to the mandatory minimum of 15 years at Level V for PFBPP, as well as 8 years at Level V, suspended for 18 months at Level III for Drug Dealing.[5]  Defendant did not file a direct appeal of his conviction or sentence.

(3)     On October 11, 2019, Defendant filed a *pro se* Motion for Modification of Sentence,[6] which this Court denied on November 6, 2019.[7]  On April 17, 2020, Defendant filed a second *pro se* Motion for Modification of Sentence,[8] which this Court denied on June 25, 2020.[9]  On June 5, 2024, Defendant filed a *pro se* Motion for Correction of Illegal Sentence under Superior Court Criminal Rule ("Rule")

---

[2] D.I. 3.
[3] D.I. 7.
[4] D.I. 8.
[5] D.I. 9.
[6] D.I. 11.
[7] D.I. 12.
[8] D.I. 13.
[9] D.I. 14.

2

35(a),[10] which this Court denied on September 30, 2024.[11] Defendant filed a notice of appeal on October 29, 2024,[12] and the Delaware Supreme Court affirmed the Superior Court's decision on April 22, 2025.[13]

(4) On February 19, 2025, Defendant filed a *pro se* Motion for Credit of Time Previously Served,[14] which this Court granted in part on May 27, 2025.[15]

(5) On August 22, 2025, Defendant filed a *pro se* Motion for Postconviction Relief.[16] Following the consideration of a Superior Court Commissioner, the Court denied this motion on January 28, 2026.[17]

### *Defendant's Contentions*

(6) On May 6, 2026, Defendant filed the present Motion.[18] Therein, Defendant argues that his sentence is illegal because: (1) his plea was involuntary;[19] (2) he received ineffective assistance of counsel during trial;[20] (3) the habitual-offender enhancement he received violated the principles laid out in *Erlinger v. United States*[21] by allowing for judicial fact-finding;[22] (4) his double jeopardy rights

---

[10] D.I. 15.
[11] D.I. 16.
[12] D.I. 17.
[13] D.I. 29; *Davis v. State*, 340 A.3d 1150, 2025 WL 1178395 (Del. Apr. 22, 2025) (TABLE).
[14] D.I. 27.
[15] D.I. 30.
[16] D.I. 32.
[17] D.I. 41.
[18] D.I. 42 (hereinafter "Mot.").
[19] Mot. p. 2.
[20] Mot. p. 3.
[21] 602 U.S. 821 (2024).
[22] Mot. p. 4.

were violated when he was charged with multiple counts of PFDCF;[23] and (5) the sentencing court was unconstitutionally constrained in giving him a mandatory minimum sentence.[24]

(7) Rule 35(a) serves a narrow function: it only allows the Court to correct illegal sentences.[25] It does not permit defendants to "re-examine errors occurring at the trial or other proceedings prior to the imposition of the sentence."[26]

### *Involuntary Plea*

(8) Defendant argues that his guilty plea in this manner was involuntary because of the length of the potential imprisonment he faced.[27] Such claims are not cognizable under a motion brought pursuant to Rule 35(a).[28]

(9) Defendant also argues that his counsel improperly waived arraignment without his consent.[29] Supposing—without finding—that this was the case, this still would not be a properly cognizable claim under Rule 35(a), which is "not a means for a defendant to . . . raise allegations of error occurring in the proceedings leading to the judgment of conviction."[30]

---

[23] Mot. p. 4.
[24] Mot. p. 5.
[25] *See State v. Weber*, 2023 WL 5605620, at *4 (Del. Super. Aug. 29, 2023); *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[26] *Id.* (quoting *Brittingham*, 705 A.2d at 578).
[27] Mot. p. 2.
[28] *Martinez v. State*, 909 A.2d 595, 2006 WL 2842904, at *2 (Del. Oct. 5, 2006) (TABLE).
[29] Mot. p. 2.
[30] *Martinez*, 2006 WL 2842904, at *2.

### *Ineffective Assistance of Counsel*

(10)   Defendant argues that he received ineffective assistance of counsel because his counsel failed to challenge a search, failed to challenge his habitual offender status, and failed to file a direct appeal to his initial sentence.[31]   However, "[a]n ineffective assistance of counsel claim is not cognizable under Rule 35(a)."[32] As both this Court and the Delaware Supreme Court have previously instructed Defendant,[33] such claims proceed under Rule 61[34] and generally must be brought within one year.[35]   Because no relevant exception to the one-year period applies here, this argument is not properly before the Court.

### *Erlinger and Judicial Fact-finding*

(11)   Defendant contends that the sentencing court improperly made factual determinations.[36]   These arguments need not be addressed for the same reasons discussed in the Court's January 28, 2026 Order.[37]   Namely, in his signed Truth-in-Sentencing form, Defendant agreed that he eligible to be sentenced as a habitual offender and waived any challenges to that fact.[38]   Having admitted he was subject to habitual offender sentencing and aware of its potential impact, Defendant waived

---

[31] Mot. p. 3.
[32] *Cochran v. State*, 935 A.2d 255, 2007 WL 2812870, at *2 (Del. Sep. 28, 2007) (TABLE).
[33] *See* D.I. 29 at ¶ 8.
[34] *Id.*
[35] *See* Super. Ct. Crim. R. 61(i)(1).
[36] Mot. p. 4.
[37] D.I. 41 at ¶¶ 13–15.
[38] D.I. 7. *See also* D.I. 41 at ¶¶ 13–16.

any claims that a jury should determine his habitual status.  Accordingly, *Erlinger* does not provide a basis for relief, and Defendant's claims of judicial fact-finding are baseless.

### *Double Jeopardy*

(12)  Defendant argues that his double jeopardy rights have been violated because he was charged under multiple counts of PFDCF based on the same possession episode.  As discussed in this Court's prior order "long-standing Delaware law permits charging a defendant with possession of a firearm during the commission of a felony for each firearm possessed and each felony committed without violating double jeopardy."[39]  This challenge to the legality of Defendant's sentence is without merit.

### *Mandatory Minimum Sentences*

(13)  Finally, Defendant argues that his sentence was illegal because judicial discretion was improperly constrained in calculating his sentence.[40]  His basis for this is the sentencing judge's statement that her "hands were tied."[41]  This was a reference to the mandatory minimum sentence applicable to Defendant in this case.  The General Assembly possesses the power to enact mandatory minimum

---

[39] D.I. 41 at ¶ 15. *See also Carter v. State*, 911 A.2d 802, 2006 WL 3053268, at *1 (Del. Oct. 27, 2006) (TABLE); *Nance v. State*, 903 A.2d 283, 287 (Del. 2006).
[40] Mot. p. 5.
[41] *Id.*

sentences,[42] and the charges at issue here implicated such minimums.  Accordingly, the Court's adhesion to the law does not support the conclusion that Defendant's sentence was illegal.

(14)   For the foregoing reasons, Defendant's Motion is **DENIED**.

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge


Original to Prothonotary

Cc: Ronald Davis

---

[42] _State v. Sturgis_, 947 A.2d 1087, 1091 (Del. 2008).